IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NORTON RICHARD KIMMEL, II  :
c/o Miller, Miller & Canby
200 B Monroe Street  :
Rockville, MD 20850
                                                     :
            **Plaintiff**
                                                     :
v.                                                    Civil Action No.: _____
                                                     :
UNITED STATES OF AMERICA
                                                     :
Serve: Rod J. Rosenstein
       United States Attorney          :
       36 S. Charles St., 4th Fl.
       Baltimore, MD 21201               :

and                                                  :

       Eric H. Holder, Jr.                  :
       Attorney General of
       the United State of America    :
       Department of Justice
       950 Pennsylvania Ave., NW   :
       Washington, DC 20530
                                                   :
            **Defendant**

## MOTION FOR SUMMARY JUDGMENT

Plaintiff Norton Richard Kimmel, II ("Kimmel"), by and through his undersigned attorneys, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby moves for summary judgment. The grounds for the Motion are as follows:

### Background

This is an action to recover internal revenue taxes, interest, and fees erroneously or illegally assessed or collected from Kimmel, by the United States. By way of background, in September of 2009, IRS Revenue Officer Brandon Sanders ("Sanders") of the Internal Revenue

Office located at 201 Thomas Jefferson Drive, Suite 203, Frederick, Maryland 21702 ("IRS Frederick Office") contacted Kimmel's relatives looking for Kimmel regarding some delinquent tax returns ( Ex. 1, ¶ 2)  In response thereto, Kimmel promptly engaged a certified public accountant, licensed in the State of Maryland, to prepare the delinquent income tax returns. (Ex. 1, ¶ 3)  Kimmel signed the returns in November of 2009 and gave them to his representative, Glenn Anderson ("Anderson") to file with the IRS. (Ex. 1,  ¶ 4)  Anderson filed the outstanding returns with the IRS Frederick Office on November 20, 2009. (Ex. 2, ¶ 3)

As Kimmel did not have sufficient assets to pay the outstanding federal income tax liability together with interest and penalties thereon, Anderson discussed with Sanders possible ways to resolve Kimmel's liability. (Ex. 2, ¶ 3) Sanders suggested that Kimmel try to borrow money and make an Offer in Compromise to the IRS to try to settle his outstanding tax liabilities. (Ex. 2, ¶ 5)

To that end, Kimmel spoke with several of his relatives, and they agreed to lend him moneyto fund an Offer in Compromise. (Ex. 1, ¶ 5)  Having secured the funds from his relatives, Kimmel, through Anderson, prepared the Offer in Compromise (IRS Form 656) and the associated financial information statements (Form 433A) suggested by Sanders. And, on or about April 26, 2010, Anderson filed that Offer in Compromise, the financial information forms, and submitted a $150,000.00 deposit as well along with the $150.00 application fee with the IRS Frederick Office. (Ex. 3)

On March 7, 2011, almost 1 year later, the IRS wrote to Kimmel advising that they would not process the Officer in Compromise because Kimmel had not provided information regarding his current residence. (Ex. 4; Ex. 2, ¶8)  The IRS allegation, however, was incorrect. Indeed, in the fall of 2010, Anderson informed the IRS offer-in-compromise specialist assigned to the

2

case that Kimmel had no permanent address and that the IRS should evaluate Kimmel's offer using no housing expenses and use Anderson's law office address as the area of the taxpayer for purposes of computing other living expenses of the taxpayer. (Ex. 2, ¶ 7) This error was made known to the IRS by letter dated March 11, 2011 from Anderson. (Ex. 5.)

Although the IRS improperly failed to process the Offer in Compromise based on inaccurate information, they also improperly and without any justification therefore, retained $30,000.00 of the submitted funds (representing 20% of the total deposit) and refunded to Kimmel only $120,000.00, (representing the balance of the deposit.) (Ex. 2, ¶ & Ex. 9 ¶14) Kimmel has since repaid his lender the $120,000.00 partial refund of the deposit, but has been unable to repay the balance of the loan. (Ex. 1, ¶ 10)

In addition to retaining $30,000 of the deposition monies, the IRS also improperly refused to return Kimmel's $150 application fee. (Ex. 2, ¶ and Ex. 9 ¶14) The IRS has since applied these funds to Kimmel's outstanding federal income taxes, interest and/or penalties thereon. (Ex. 2, ¶ 14)

On or about October 12, 2011, Kimmel filed two Claims for Refund (IRS Forms 843) with the IRS: one seeking a refund of the $30,000.00 deposit wrongfully retained and one seeking a refund of the $150.00 application fee wrongfully retained. (Ex. 2, ¶ 14) Copies of the Claims for Refund are attached as Exhibits 6 and 7 respectively.

Kimmel, through Anderson, has made repeated requests to the IRS to return the $30,000.00 deposit wrongfully retained and to return the $150.00 application fee wrongfully retained, but those requests have been ignored. (Ex. 2, ¶ 13). No action on the claims for refund has been taken by Congress or any agency of the United States or any judicial proceeding (including the United States Tax Court and the United States Bankruptcy Courts). (Ex. 2, ¶ 16)

3

More than six months have passed since the Claims for Refund were submitted to the IRS and the IRS has refused to issue a refund.[1] (Ex. 2, ¶15)

## ARGUMENT

*A. The IRS Improperly Retained $30,000 of Kimmel's Deposit.*

Kimmel submitted an Offer in Compromise in good faith, as a means of trying to resolve his dispute with the IRS. The Offer in Compromise (Form 656) that he submitted very clearly states that the $150,000.00 amount is being submitted as a *deposit* and that the *deposit* must be refunded if the Offer in Compromise is not accepted. (See Ex. 3) The Internal Revenue Code treats "*deposits*" submitted with an Offer in Compromise different than "*payments*". The IRS may apply "*payments*" towards outstanding tax liabilities, but must refund "*deposits*" if the offer is not accepted. Indeed, 26 U.S.C. §7809 (b)(1) which applies to the deposits of collections, clearly states, "Upon rejection of any such offer [in compromise], the Secretary *shall* refund to the maker of such offer the amount thereof." (Emphasis added.) As the maker of the offer, Kimmel is the owner of this claim and is entitled to the refund of the $30,000.00 deposit wrongfully retained by the IRS. The United States must follow its own statutes and has no legal right to retain the remaining $30,000.00 of Kimmel's deposit.

This Court has the authority under 28 U.S.C. §1346(a)(1) to order that the $30,000.00 deposit that was illegally collected and illegally applied against Kimmel's federal tax liability be refunded to Kimmel. Additionally, under 26 U.S.C. §7430 Kimmel is entitled to an award of

---

[1] 26 U.S.C. A. §7422 requires that prior to maintaining a suit for the recovery of any IRS tax erroneously or illegally assessed or collected, the taxpayer file a claim for refund and wait six months for a response.

reasonable litigation costs, including attorney's fees, incurred in this proceeding. Specifically, the statute states:

> **(a)** **In general.** – In any administrative or court proceeding which is brought against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for --
> ...
>
> (2) reasonable litigation costs incurred in connection with such court proceeding.

There is no just reason that the defendant has to retain a portion of Kimmel's deposit, and as such judgment must be entered in favor of Kimmel as to the $30,000 deposit.

### B. *The IRS Improperly Retained Kimmel's Application Fee.*

IRS Manual 5.8.2.6 (Ex. 6) and the instructions accompanying Form 656-B (Ex. (7) both state that if the Offer in Compromise is not processed, "the $150.00 application fee must be refunded to taxpayer." There is no dispute that the IRS failed to process the Offer in Compromise and returned it to taxpayer unprocessed. (Ex. 4 "We ...are returning your Form 656, Offer in Compromise for the following reason(s)...") Accordingly, the IRS is required to refund the $150.00 application fee to Kimmel.

Had the IRS processed Kimmel's Officer in Compromise and determined that it was not in the best interest of the Government to accept, the IRS would be entitled to retain the $150 application fee and Kimmel would have been afforded his due process rights to appeal that determination to the Office of Administrative Appeals 26 U.S.C. §7122(e) with a further right of appeal to the US Tax Court 26 U.S.C. §6630(b). However, by not processing the offer and returning it, Kimmel was not afforded any due process rights to appeal an adverse determination and the IRS was not entitled to retain the $150 application fee.

There is no good reason why the IRS has not returned the $150.00 application fee. As with the $30,000 deposit, this Court has the authority under 28 U.S.C. §1346(a)(1) to order that the $150.00 application fee which was illegally collected, illegally retained, and improperly applied to Kimmel's federal tax liability be refunded to Kimmel. And as with the claim relating to the $30,000 deposit, under 26 U.S.C. §7430, Kimmel is entitled to an award of reasonable litigation costs, including attorney's fees, incurred in this proceeding.

Wherefore, plaintiff, Norton Richard Kimmel, II, seeks a judgment against the defendant, United States of America in an amount of $30,150.00, plus interest and costs allowed by law, an award of reasonable attorney's fees and litigation costs, plus such other and further relief as this Court may deem just.

Respectfully submitted,

MILLER, MILLER & CANBY

_____
Glenn M. Anderson Fed. Bar. No. 09333
Donna E. McBride Fed. Bar. No. 14148
200-B Monroe Street
Rockville, Maryland 20850
(phone) 301-762-5212
(fax) 301-762-6044
*Attorneys for Plaintiff*